### 12168. BURNETT *v.* GAINESVILLE NATIONAL BANK.

STEPHENS, J. 1. On November 23, 1909, T. N. McIntyre executed a note for a loan to the Gainesville National Bank, with J. R. Whaley as surety, and at the same time, in compliance with a condition exacted by the bank before accepting Whaley as surety, executed to Whaley a security deed conveying certain real estate and providing as follows: "This deed is made for the purpose of securing and indemnifying said J. R. Whaley from loss as security on note this day made for said T. N. McIntyre to the Gainesville National Bank for the sum of $1,680, to become due November 1, 1910, with interest from maturity at eight per cent.; this deed to remain as security for any renewal of said note or any part thereof." *Held,* that, the deed being made "for the purpose of securing and indemnifying said J. R. Whaley from loss as security" on note made by McIntyre to the bank, and not being a deed to secure the debt, the bank acquired no lien upon the property mentioned in the deed; and, in the absence of any judgment against the surety Whaley upon the indebtedness represented by the note, there was no right in Whaley to enforce any lien against the property, arising out of the deed to secure a debt to him from McIntyre, and therefore no right existed in Whaley to which the bank could be subrogated. Civil Code (1910), § 3555. "Where a mortgage is given by a principal debtor to his indorser, not as a security for the debt, but solely for the indemnity of the indorser, the latter could not proceed against the mortgaged property until judgment had been rendered against him in favor of the creditor. Code, § 2164 [Civil Code of 1910, § 3555]. It follows that the creditor, prior to obtaining such judgment, cannot proceed in his own behalf to enforce the mortgage, even though the principal debtor and the indorser both be insolvent, the rights of the creditor depending, not upon the law of trust, but upon the law of subrogation." *Importers & Traders Bank* v. *McGhees,* 88 *Ga.* 702 (16 S. E. 27).

2. It having been agreed between the bank and Mrs. R. Burnett, a mortgage creditor of McIntyre, having a subsequently acquired lien upon the property to secure a debt from McIntyre, that the property be sold under a foreclosure by her, and that the proceeds in the hands of the levying officer, arising from the sale of the land, be disposed of in accordance with the priority of their respective liens, and it appearing that the

bank had no lien upon the property sold and described in the deed from McIntyre to Whaley, the verdict rendered in favor of the bank upon the issue joined between the bank and Mrs. Burnett, the mortgage creditor, in proceedings against the sheriff for a distribution of the funds arising from the sale of the land, was contrary to law.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

·DECIDED FEBRUARY 28, 1922.

Money rule; from Hall superior court — Judge J. B. Jones. December 18, 1920.

*H. H. Perry, J. G. Collins,* for plaintiff in error.

*W. A. Charters, C. N. Davie,* contra.